### G. G. ATHEY v. THE STATE.

No. 4006. Decided November 25, 1908.

**1.—Aggravated Assault—Indictment.**

Where upon trial for aggravated assault the indictment was in approved form there was no error.

**2.—Same—Sufficiency of Evidence.**

Where upon conviction for aggravated assault the evidence sustained the verdict of guilty of aggravated assault, the same will not be disturbed.

**3.—Same—Charge of Court—Written Charge.**

Where upon conviction for aggravated assault there was no bill of exceptions to the court's failure to give a written charge, the complaint that the court should have given a charge in writing can not be considered on appeal.

**4.—Same—Waiver—Practice in District Court.**

See opinion for court's criticism of counsel to waive a right of his client and then ask for reversal on his own waiver.

**5.—Same—Bill of Exceptions—Evidence.**

Objection to testimony can not be considered on appeal, unless a bill of exceptions was reserved at the time.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and three months confinement in the county jail.

Leaving out formal averments, the defendant was charged that he did then and there make an assault in and upon the person of George Wilson with the intent then and there to kill and murder him, the said George Wilson, against the peace and dignity of the State.

The testimony for the State was that the defendant fired a shot at the injured party, inflicting a dangerous wound, and that the latter had called the defendant a "scab" just before the shooting. The testimony of the defense was that the complaining witness and others demanded of him to quit his employment and leave the city, and had attempted to assault him before complainant was forced to protect himself.

The opinion states the case.

*Marsene Johnson,* for appellant.—On question of exceptions to evidence: Acts Twenty-ninth Legislature, chapter 112, section 7, page 220.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault and battery, and his punishment assessed at a fine of $100 and three months imprisonment in the county jail.

The first ground of the motion for new trial complains that the court erred in failing to quash the indictment. The indictment is sufficient.

The second ground of the motion complains of the insufficiency of the evidence. The evidence is sufficient.

Appellant's third ground of the motion for a new trial says the indictment attempts to charge him with the commission of a felony, and that if said indictment be valid, which defendant does not admit, then it was the imperative duty of the court to charge the jury in writing. That while he admits that his counsel agreed that the court submit his charge to said jury orally, defendant submits the legal proposition to the court that this was one of defendant's rights which defendant's counsel could not waive for him, and that defendant in person did not waive said right, and did not know that his counsel had attempted to waive said right. A sufficient answer to this statement is that, there is no bill of exceptions reserved to the failure of the court to give a written charge. While there is no charge in the record, we can not legally presume that one was not given, and if the court failed to charge the jury in writing it should have been reserved by bill of exceptions. Furthermore,

it is extremely reprehensible, to say the least of it, for counsel to waive a right and then ask the court for a reversal of the case on their own waiver.

The fourth ground of the motion complains of the introduction of certain testimony, but no bill of exceptions was reserved to this, and same can not be reviewed. The same answer applies to the fifth and last ground of the motion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*